**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Jill R. Cohen (Attorney I.D. No.: 003872007)
Princeton Pike Corporate Center, Suite 203
2000 Lenox Dr.
Lawrenceville, NJ 08648
P: 609.392.2100
F: 609.392.7956
jcohen@eckertseamans.com
*Attorneys for Verde Energy USA, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAY MARSHALL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VERDE ENERGY USA, INC.,<br><br>    Defendant. | Civil Case No. 2:18-cv-01344<br><br>**DOCUMENT FILED ELECTRONICALLY** |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Verde Energy USA, Inc. ("Verde") submits this Response to Plaintiff's Notice of Supplemental Authority (ECF No. 46), which suggests that this Court should find that Marshall has sufficiently pled claims for breach of contract and unjust enrichment in light of Mercado v. Verde Energy USA, Inc., No. 1:18-cv-02068, 2019 WL 978531 (N.D. Ill. Feb. 28, 2019).

In Mercado, the court agreed with Verde that Verde's Terms of Service (the "TOS") did not promise that its variable rate would be "tied to the wholesale market rate," would "track the weighted LMP and other PJM charges," or that Verde would charge prices in line with those "allegedly available from competitors." Id. at *2. Indeed, the court expressly rejected Mercado's reliance on allegations that Verde's rates "bore little or no relation to the wholesale cost of

electricity" and "deviat[ed] significantly from the local utility." Id. The court concluded only that the TOS "promise[d] that the variable rate, if it changed, would change based on market conditions." Id. The court also allowed Mercado's claim for unjust enrichment to proceed because Mercado "explicitly pleaded" the claim "in the alternative." Id. at *4. The court also held that Meracdo's complaint lacked specificity and included impertinent matter. Id. at *5.

Mercado does not salvage Marshall's insufficiently pled claim for breach of contract. Here, Marshall alleged that Verde breached the TOS because: its variable rates did not "'reflect' monthly wholesale electric prices;" it charged rates "higher than rates charged by other ESCOs or local utilities;" and its rates were "disconnected from changes in wholesale costs." ECF No. 1 at ¶¶ 3, 23, 38-39, 73. Following Mercado, given that the TOS did not promise that Verde would base its variable rates on such factors as competitors' rates or some unidentified wholesale market rate, Marshall's claim for breach of contract cannot proceed on those grounds.

Furthermore, in a case involving substantially similar contractual language and allegations, the Second Circuit recently held that a claim for breach of contract was "near-frivolous."[1] Richards v. Direct Energy Servs., LLC, 915 F.3d 88, 99 (2d Cir. 2019). In Richards, the contract at issue provided that the defendant's variable rate may vary each month "based upon business and market conditions." Id. at 97. The plaintiff, however, argued that the defendant breached the contract because its variable rate did not correspond with fluctuations in the defendant's procurement costs and was higher than the standard service rate approved by the governing regulatory authority. Id. at 98-99. The Second Circuit rejected these arguments, finding that the contract did not "suggest

---

[1] As set forth in Verde's Notice of Supplemental Authority regarding Richards, Marshall's allegations are strikingly similar to those set forth in Richards, with some of Marshall's allegations having been cut and pasted from Richards' Complaint. ECF No. 44 at 2.

that the variable rate bears a direct relationship to [the defendant's] procurement costs" or promise a rate lower than that of the local utility. Id. at 98-99.

Here, like in Richards, the TOS promised only that Verde's variable rates could "fluctuate monthly with market conditions." Marshall, however, has alleged that Verde breached that contractual language based solely on promises that Verde did not make in the TOS and ignores the multiple legitimate factors that Verde could consider in setting its variable rates. Following Richards, Marshall has failed to plead facts sufficient to support his claim for breach of contract. Although Richards was on appeal from a grant of summary judgment, the Second Circuit noted, in relation to the "near-frivolous" allegations that closely track those Marshall regurgitates here, that "[c]ourts across the country have thus rightly dismissed arguments like Richards's even at the pleadings phase." Id. at 98 & n.6 (collecting cases); see also Windley v. Starion Energy, Inc., No. 14-cv-9053, 2016 WL 197503, at *2-3 (S.D.N.Y. Jan. 8, 2016) (dismissing claim for breach of contract under New Jersey law because, in promising that the variable rate "may change in response to market conditions," the defendant did not promise a rate equivalent to that charged by competitors).

Further, unlike in Mercado, Marshall did not "explicitly plead" his claim for unjust enrichment in the alternative. See ECF No. 1 at ¶¶ 87-90. As set forth in Verde's prior briefing, this Court has routinely dismissed unjust enrichment claims where the plaintiff has based his or her claims on an express contract. See ECF No. 13-1 at 29-30. Nothing in Mercado casts doubt on those decisions or renders Marshall's claim for unjust enrichment sufficiently pled. See MZL Capital Holdings, Inc. v. TD Bank, N.A., No. 14-cv-05772, 2015 WL 491469, at *9 (D.N.J. Aug. 18, 2015) (granting motion to dismiss unjust enrichment claim and stating that "where the pleading supports the existence of a valid contract, which has not been called into question, an unjust enrichment claim cannot stand where there is also a breach of contract claim"); Juster Acquistion

Co. v. N. Hudson Sewerage Auth., No. 12-cv-3427, 2014 WL 268652, at *16 (D.N.J. Jan. 23, 2014) (same).

Accordingly, for the foregoing reasons as well as those set forth in Verde's prior briefing, Verde requests that its Motion to Dismiss (ECF No. 13) be granted.

March 8, 2019                                   Respectfully submitted,

                                                By: /s/ Jill R. Cohen
                                                Jill R. Cohen (JRC-3448)
                                                Attorney I.D. No. 003872007
                                                jcohen@eckertseamans.com

                                                ECKERT SEAMANS CHERIN & MELLOTT, LLC
                                                Princeton Pike Corporate Center
                                                Suite 203
                                                2000 Lenox Dr.
                                                Lawrenceville, NJ  08648
                                                P:  609.392.2100
                                                F:  609.392.7956

                                                Kevin P. Allen (admitted *pro hac vice*)
                                                PA I.D. No. 76420
                                                kpallen@eckertseamans.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jill R. Cohen*
Jill R. Cohen (JRC -3448)